NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RODNEY CUNNINGHAM, | : |
| Petitioner, | : Civil Action No. 14-4448 (RMB) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| JORDAN HOLLINGSWORTH, et al., | : |
| Respondents. | : |

This matter comes before this Court upon the Clerk's receipt of Petitioner's submission styled as a § 2241 habeas petition. See Docket Entry No. 1 (executed on June 19, 2014, received by the Clerk on July 11, 2014). The petition seeks "prior jail credit" of 348 days for the period "from June 27, 2008, [to] July 7, 2009." Id. at 2, 7.

However, on April 21, 2014, Petitioner already filed a substantively identical submission seeking the same relief on the basis of the same factual predicate. That filing was made with Petitioner's federal sentencing court (the "Sentencing Court"), see United States v. Cunningham, Crim. Action No. 08-0131, Docket Entries Nos. 33 and 34 (VEH) (N.D. Al.), and it was conclusively denied on the merits by the Sentencing Court. See id. Docket Entry No. 34.

Therefore, Petitioner's instant petition is barred by the doctrine of res judicata. Res judicata precludes claims that were disposed of on the merits – and even those related claims that could have been litigated – during a prior proceeding. See R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011); see also McCleskey v. Zant, 499 U.S. 467, 486 (1991) (pointing out that § 2244(b) "establishes a 'qualified application of the doctrine of res judicata' [to habeas actions]") (citation to legislative records omitted).[1]

IT IS, therefore, on this **31st** day of **July 2014**,

**ORDERED** that the petition, Docket Entry No. 1, is dismissed as barred by the Sentencing Court's adjudication and, in addition, as filed in abuse of the writ; and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is further

---

[1] Moreover, the instant petition has abused the writ. Where a habeas litigant is attempting to re-litigate the very same issue time and again, or where the litigant raises claims already known to him as facially meritless, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of such frivolous cases by that litigant. See e.g., In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (citing Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980) (per curiam); Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961), cert. denied, 369 U.S. 856, 82 S. Ct. 944, 8 L. Ed. 2d 14 (1962)); accord Sanders v. United States, 373 U.S. 1, 17-19 (1963) (if a petitioner persists at raising his already litigated claims or already dismissed challenges, he risks abusing the equitable nature of the habeas writ); Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008) (same).

**ORDERED** that the Clerk shall file the Sentencing Court's decision designating it as "ATTACHMENT" to this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

**ORDERED** that the Clerk shall serve a complimentary copy of this Memorandum Opinion and Order upon the Chambers of the Honorable Virginia Emerson Hopkins, the Sentencing Court.  Such service shall be executed by means of electronic delivery and accompanied by a notation reading, "COMPLIMENTARY COPY: IN CONNECTION WITH USA v. CUNNINGHAM, 1:08-cr-00131 (VEH)."


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

FILED
2014 May-16 PM 01:1
U.S. DISTRICT COUR
N.D. OF ALABAM

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | DOCKET NO. 1:08-CR-131-VEH |
| ) | |
| RODNEY CUNNINGHAM ) | |

## ORDER DENYING MOTION FOR JAIL CREDIT

On April 21, 2014, this court received a letter from the defendant, which was filed as a motion for jail credit on that same date. In his motion, the defendant requests that the court grant him "prior credit" for time he was in custody between July 22, 2008, and July 7, 2009. The defendant's motion explains that he was in the custody of the Alabama Department of Corrections prior to being sentenced in the instant federal case, and that the defendant believes he is entitled to be awarded 348 days of "prior credit" by the United States Bureau of Prisons (BOP) in the computation of his federal imprisonment term.

Authority for computing a defendant's sentence lies with the Attorney General, and has been delegated by the Attorney General to the BOP. *See* 28 C.F.R. § 0.96 (2002) and *U.S. v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351 (1992). Section 3585 of Title 18 specifically governs when a sentence commences and how credit for prior custody is to be awarded. The BOP has followed the provisions of 18 U.S.C. § 3585 accurately in computing the defendant's sentence in this case.

Section 3585(a) of Title 18 instructs that a defendant's sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to, commence service of sentence at the facility at which the sentence is to be served. The defendant was received into the custody of the BOP from the Alabama Department of Corrections on September 8, 2009, and the BOP has computed his sentence as begun on that date.

On November 29, 2007, prior to being charged in the instant federal offense, the defendant was sentenced to serve 7 years imprisonment upon revocation of his probation in Calhoun County, Alabama, Circuit Court cases CC06-1423 and CC06-1424. He was in the custody of the Alabama Department of Corrections when, on June 27, 2008, he was borrowed on a writ and arraigned on charges in the instant federal case. The defendant accurately indicates that he remained in the custody of the United States Marshals Service during the pendency of his federal case. Subsequent to his sentencing hearing on April 10, 2009, the defendant was returned to the custody of the Alabama Department of Corrections on July 7, 2009, to complete service of his state sentences. On December 16, 2008, the Alabama Board of Pardons and Parole granted that the defendant be paroled with September 8, 2009, as the effective date of parole. The court has verified with the Alabama Department of Corrections that the defendant would not have been paroled prior to September 8, 2009, even had he been returned to state custody before July 7, 2009.

Pursuant to 18 U.S.C. § 3585(b), the defendant is ineligible to receive "prior credit" for the time he was detained in the custody of the U.S. Marshals from July 22, 2008, until July 7, 2009, because that time was credited against his sentences in CC06-1323 and CC06-1324, those charges are unrelated to the offense for which the instant federal sentence was imposed, and the defendant was not arrested on those charges after the commission of the instant federal offense.

For these reasons, the defendant's motion is hereby denied.

**DONE** and **ORDERED** this the 16th day of May, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge